# PUBLIC INTEREST
## —— LEGAL FOUNDATION ——

VIA EMAIL

Office of Vince Ryan
County Attorney
1019 Congress
Floor 15
Houston, TX 77002

RE: NVRA Public Disclosure Request to Harris County

Dear Ms. Lee:

We have received your letter dated December 14, 2017. Your letter acknowledges our December 1, 2017 request to inspect documents and requests clarification in order to fulfill our request. Your requests are addressed below.

**1. The Foundation's request is made pursuant to the National Voter Registration Act, not the Texas Public Information Act.**

Your letter states that our December 1 request is made "pursuant to the Texas Public Information Act, Tex. Gov't Code." That is incorrect. As stated in our letter, our request is made pursuant to the National Voter Registration Act of 1993 (NVRA), specifically, Section 20507(i), which requires your office to make available for inspection and photocopying "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters."

**2. The Foundation's request seeks records in your possession dating back to January 1, 2006.**

Your letter states that the NVRA "limits the time period that certain records must be maintained to two years" and "for this reason, many of the records . . . may not be available" and that the "Texas Secretary of State's office may have a portion of the information" we seek.

While the NVRA imposes a minimum retention period of two years, it does not place a temporal limit on the public inspection provision of Section 20507(i). Rather, the NVRA requires that "all records" in your possession be made available for public inspection.

To the extent that list maintenance records older than two years are in your possession, our request seeks their inspection, and where requested, their reproduction.

Furthermore, your office has an independent statutory obligation to retain and preserve "all records" related to the "application" and "registration" of registrants for federal elections, for a period of twenty-two months from the date of any federal election. 52 U.S.C. § 20701.

32 E. Washington Street, Suite 1675, Indianapolis, Indiana 46204
Telephone: 317.203.5599   Fax: 888.815.5641   PublicInterestLegal.org

EXHIBIT C

3. **State-law exemptions for withholding responsive records are not applicable to requests made pursuant to the NVRA.**

Your letter suggests that your office will withhold responsive information that is deemed confidential under "common law privacy or by statute." It is therefore worth noting that the NVRA does not permit your office to withhold such information. The NVRA requires disclosure of "all records" related to your list maintenance activities, with only two exceptions: "records relate[d] to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered." Exemptions grounded in the Texas Public Information Act or other state laws are thus inapplicable to our request.

However, to the extent responsive records contain social security numbers, we will agree to the redaction of such information. We do not agree to the redaction of any other information.

4. **The NVRA permits your office to charge only for photocopying at a reasonable cost.**

Your letter eludes to the "personnel resources" that might be needed to retrieve responsive information. It is therefore worth noting that the NVRA does not permit your office to charge requesters for personnel time. The NVRA permits your office to charge only for "photocopying at a reasonable cost." 52 U.S.C. § 20507(i)(1).

5. **The Foundation's request seeks inspection or photocopying only where electronic reproduction is not possible.**

Your letter seeks clarification "as to whether [we] are choosing to inspect or copy, or to both inspect and copy, the requested information." Our preference is for your office to provide the requested records in electronic format (preferably PDF) via electronic transmission, such as email or other electronic file transfer protocol.

To the extent electronic transmission is not possible, we request that any photocopying **not** be conducted until we can either view the responsive records in person or better obtain from you the size and scope of the responsive records, so that a determination of photocopying costs can more accurately estimated.

6. **Item 1.**

Our request includes, **but is not limited to**, information obtained by your office under Section 62.113(b)(1)— "the list of persons excused or disqualified because of citizenship" received from the clerk of court.

To the extent information derived from these lists is helpful in providing the other requested information, we asked that it be so used.

You further state that the "County Clerk's office is the custodian of voter history, not the Voter Registrar." However, the Texas Election Administration Management System (TEAMS) (and/or ElectionNet) permits your office to search for, view, and produce voter history. Our request includes voter history in your possession and/or control.

EXHIBIT C

7. **Item 2.**

Request number two is limited to records that relate to ineligibility for citizenship reasons.

8. **Item 3.**

See response number 6, above.

9. **Item 4.**

The timeframe for request number four is January 1, 2006 to the present. To the extent your office is asserting any exemptions under state law, including the Texas Public Information Act, please see responses number one and three, above, for the reason why such exemptions are inapplicable to requests made pursuant to the NVRA.

Thank you for your time and attention to this matter. Please feel free to utilize the contact information below to arrange a data transfer or inspection.

Sincerely,

Logan Churchwell
Communications & Research Director
Public Interest Legal Foundation
lchurchwell@publicinterestlegal.org

EXHIBIT C