

**The Office of Vince Ryan**
**County Attorney**

---

January 11, 2018

Honorable Ken Paxton  *via Certified Mail/ Return Receipt Requested*
Attorney General of Texas
Supreme Court Building
P. O. Box 12548
Austin, Texas 78711-2548

Attention:   Open Records Committee

Re:   Public Information Request by Logan Churchwell with the Public Interest Legal Foundation to the **Harris County Voter Registrar** for certain information dating back to January of 2006 related to individuals who were identified by official sources as potentially not satisfying the citizenship requirementsrelated to registered voters, etc. C. A. File No. 17PIA0762

Dear Attorney General Paxton:

On December 18, 2017, the **Harris County Voter Registrar** received written clarification in response to a December 15, 2017 request for clarification related to a December 1, 2017 request for the above-referenced information pursuant to the Texas Public Information Act, Tex. Gov't Code §§ 552.001-552.353 (the "Act"). We note that December 25, 2017, December 26, 2017, and January 1, 2018 were Harris County holidays and should not be counted as part of the fifteen working days within which to respond.

We believe the requested information is not subject to disclosure under Section 552.101 of the Act in conjunction with Section 62.113 of the Texas Government Code, common-law privacy, and informer's privilege, and Section 552.108 of the Act, and any other applicable statutes or cases identified under the Act or other Texas law. A memorandum brief and the information for which exceptions to disclosure are sought are enclosed. Please provide us with your opinion regarding this matter.

The requestor is being copied with this letter and is being notified that if he should have any questions regarding the Act, he may contact the Office of the Attorney General's Hotline at (877) 673-6839.

Yours very truly,

VINCE RYAN
County Attorney

By *Kristen Lee*
Kristen Lee
Assistant County Attorney

cc: Mr. Logan Churchwell
    32 E. Washington Street, Suite 1675
    Indianapolis, Indiana 46204    *lchurchwell@publicinterestlegal.org*

**1019 Congress, 15th Floor • Houston, Texas 77002 • Phone: 713-274-5101 • Fax: 713-755-8924**

EXHIBIT E

## **MEMORANDUM BRIEF**

On December 18, 2017, the Harris County Voter Registrar received written clarification in response to a December 15, 2017 request for clarification related to a December 1, 2017 request for information from Logan Churchwell, Communications & Research Director with the Public Interest Legal Foundation, for:

Item 1. Documents regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any official information source, including information obtained from the various agencies within the U.S. Department of Homeland Security, Texas Department of Public Safety, and from the Texas Secretary of State since January 1, 2006. This request extends to all documents that provide the name of the registrant, the voting history of such registrant, the nature and content of any notice sent to the registrant, including the date of the notice, the response (if any) of the registrant, and actions taken regarding the registrant's registration (if any) and the date of the action. This request extends to electronic records capable of compilation. [Clarification: includes, but is not limited to, information obtained by your office under Section 62.113(b)(1)—"the list of persons excused or disqualified because of citizenship" received from the clerk of court. To the extent information derived from these lists is helpful in providing the other requested information, we ask that it be so used.]

Item 2. All documents and records of communication received by your office from registered voters, legal counsel, claimed relatives, or other agents since January 1, 2006 requesting a removal or cancellation from the voter roll for any reason related to non-U.S. citizenship/ineligibility. Please include any official records indicating maintenance actions undertaken thereafter. [Clarification: limited to records that relate to ineligibility for citizenship reasons];

Item 3. All documents and records of communication received by your office from jury selection officials—state and federal—since January 1, 2006 referencing individuals who claimed to be non-U.S. citizens when attempting to avoid serving a duty call. This request seeks copies of the official referrals and documents indicating where your office matched a claim of noncitizenship to an existing registered voter and extends to the communications and maintenance actions taken as a result that were memorialized in any written form. [Clarification: includes, but is not limited to, information obtained by your office under Section 62.113(b)(1)—"the list of persons excused or disqualified because of citizenship" received from the clerk of court. To the extent information derived from these lists is helpful in providing the other requested information, we ask that it be so used.]; and

Item 4. All communications regarding your list maintenance activities relating to #1 through 3 above to the District Attorney, Texas Attorney General, Texas State Troopers/DPS, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation. [Clarification: The timeframe for the requested information is January 1, 2006 to the present].

17PIA0762

The original request, request for clarification, and clarification response are attached as **Exhibits A-1, A-2,** and **A-3,** respectively.

On behalf of the Harris County Voter Registrar's Office and pursuant to the Texas Public Information Act (the Act), Tex. Gov't Code §§ 552.001-.353, the Harris County Attorney's Office is submitting this Memorandum Brief and the responsive records for which an exception to disclosure is sought. Representative samples of the responsive records for which an exception is sought is attached as **Exhibits B-1 through B-4**. We note that December 25, 2017, December 26, 2017, and January 1, 2018 were Harris County holidays and should not be counted as part of the timeframe within which to respond.

The Act defines public information as information that is collected, assembled, or maintained under a law or ordinance, or in connection with the transaction of official business: (1) by a governmental body; (2) for a governmental body under certain circumstances; or (3) by an official or employee in an official capacity. Tex. Gov't Code § 552.002. Public information must be disclosed unless the information falls within one of the Act's specific exceptions to disclosure. Tex. Gov't Code § 552.001; Tex. Att'y Gen. Op. Nos. JM-511 (1988), JM-363 (1983).

We believe Section 62.113 of the Texas Government Code, in Conjunction with Section 552.101 of the Act, clearly prohibits the Harris County Voter Registrar from producing and/or creating the requested information to respond to Items 1 and 3, above. The common-law right to privacy and the informer's privilege in the context of Section 552.101 of the Act also protects the identifying information requested in Item 2, above. Section 552.108 of the Act prohibits the release of the responsive information to Item 4, above, due to an ongoing investigation.

## Discussion

The information requested includes documents that fall under Section 552.101 of the Government Code provides as follows:

> Information is excepted from [required public disclosure] if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision.

Tex. Gov't Code § 552.101.

Section 552.101 also encompasses section 62.113 of the Texas Government Code, which strictly limits the use of the information requested by Items 1 and 3 to only two purposes by governmental entities. Section 62.113 of the Texas Government Code provides as follows:

> (a) The clerk of the court shall maintain a list of the name and address of each person who is excused or disqualified under this subchapter from jury service because the person is not a citizen of the United States.

17PIA0762

(b) On the third business day of each month, the clerk shall send a copy of the list of persons excused or disqualified because of citizenship in the previous month to:

    (1) the voter registrar of the county;
    (2) the secretary of state; and
    (3) the county or district attorney, as applicable, for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law.

**(c) A list compiled under this section may not be used for a purpose other than a purpose described by Subsection (b) or Section 16.0332 or 18.068, Election Code.**

(d) A person commits an offense if the person violates Subsection (c). An offense under this section is a Class C misdemeanor.

(e) The information required to be filed with the secretary of state under this section must be filed electronically. The secretary of state may waive this requirement on application for a waiver submitted by the clerk.

Tex. Gov't Code § 62.113 (emphasis added).

    The Voter Registrar is prohibited from using the lists obtained under Section 62.113 for any purpose other than to deliver to each registered voter whose name appears on the list a written notice requiring the voter to submit to the registrar proof of United States citizenship. Any other use of the information is a criminal offense. *Id.* §62.113(d). Items 1 and 3 of the request seek these same lists complied under Section 62.113 by the Clerk and received by the Harris County Voter Registrar. The Voter Registrar's Office would be required to use these lists to create the requested voter registration information, including the names of the individuals, the voting histories of the registrants, and notices sent to or from the registrant in relation to the Voter Registrar's notices that were generated as a result of having received the lists. Such information does not currently exist in the form requested by the requestor and there is no authority for the Voter Registrar to produce and/or create the lists or information directly derived from the list in the performance of their duties under Section 62.113.

    Using the information received by the Clerk and Secretary of State's offices under Section 62.113 in order to produce and/or create the information requested under Items 1 and 3 would not constitute a use of the information permitted by Section 62.113(c). Therefore, we contend that the Harris County Voter Registrar is precluded from producing and/or creating the requested information in Items 1 and 3.

    Section 552.101 of the Act also encompasses the doctrine of common-law privacy, and protects information that is (1) highly intimate or embarrassing, the publication of which would be highly objectionable to a reasonable person, and (2) not of legitimate concern to the public. *Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976). To demonstrate the applicability of common-law privacy, both prongs of the test must be satisfied. *See id.* at 681-82. Under the doctrine of common-law privacy, an individual has a right to be free from the publicizing of private affairs in which the public has no legitimate concern. *Id.* at 682.

17PIA0762

**EXHIBIT E**

In this instance, the information at issue in **Exhibits B-1** and **B-3** is highly intimate and embarrassing, in that it is information derived from the official juror questionnaire mandated and made confidential by Section 62.0132 of the Texas Government Code. Each individual completing the juror questionnaire had a reasonable expectation of privacy as to the information contained in their responses. In fact, that's exactly what it says on the form: "THE FOLLOWING JUROR QUESTIONNAIRE IS MANDATED BY GOVERNMENT CODE 62.0132. Your answers are CONFIDENTIAL and may be disclosed only to the judge, court personnel, the litigant, and the litigant's attorney." *See* **Exhibit B-3**. Section 62.0132 of the Texas Government Code states as follows:

(a) The Office of Court Administration of the Texas Judicial System shall develop and maintain a questionnaire to accompany a written jury summons.
(b) A written jury summons must include:
   (1) a copy of the questionnaire developed under this section; or
   (2) the electronic address of the court's Internet website from which the questionnaire developed under this section may be easily printed.
(c) The questionnaire must require a person to provide biographical and demographic information that is relevant to service as a jury member, including the person's:
   (1) name, sex, race, and age;
   (2) residence address and mailing address;
   (3) education level, occupation, and place of employment;
   (4) marital status and the name, occupation, and place of employment of the person's spouse; and
   (5) citizenship status and county of residence.
(d) Except as provided by this subsection, a person who has received a written jury summons shall complete and submit a jury summons questionnaire when the person reports for jury duty. If the district and criminal district judges of a county adopt a plan for an electronic jury selection method under Section 62.011, the county may allow a person to complete and submit a jury summons questionnaire on the court's Internet website as authorized under Section 62.0111(b)(5).
(e) In developing and maintaining the questionnaire required by this section, the Office of Court Administration of the Texas Judicial System shall solicit and consider the opinions of the members of the judiciary, district clerks, and attorneys.
**(f) Except as provided by Subsection (g), information contained in a completed questionnaire is confidential and is not subject to Chapter 552.**
(g) The information contained in a completed questionnaire may be disclosed to:
   (1) a judge assigned to hear a cause of action in which the respondent to the questionnaire is a potential juror;
   (2) court personnel;
   (3) a litigant and a litigant's attorney in a cause of action in which the respondent to the questionnaire is a potential juror; and
   (4) other than information provided that is related to Section 62.102(8) or (9), the voter registrar of a county in connection with any matter of voter registration or the administration of elections.
(h) The questionnaire must notify a person that if the person states that the person

is not a citizen, the person will no longer be eligible to vote if the person fails to provide proof of citizenship.

Tex. Gov't Code § 62.0132 (emphasis added).

The responses, or information derived from the responses on the juror questionnaires, are not only intimate details about the individual, they may include embarrassing errors or misstatements that were never intended to be released to the public. Further, the fact that the juror questionnaire is a confidential form speaks to the fact that the responses contained therein are not of legitimate concern to the public. For the above stated reasons and authority, as well as other applicable law, the records and information represented in **Exhibits B-1** and **B-3** should be excepted from disclosure in their entirety or at least in part.

The doctrine of common-law privacy also protects the responsive information to Item 2, found in the representative sample, **Exhibit B-2**. Item 2 seeks the names, addresses, and voter registration information associated with individuals who have requested the removal or cancellation of a voter from the voter roll due to ineligibility due to non-citizenship. Like the information contained in **Exhibit B-1** and **B-1**, this information is both highly intimate and embarrassing to the individuals at issue and is not of legitimate concern to the public. The publication of detailed name, address, and other identifying information about potential non-citizens (beyond government/law enforcement use) would be highly objectionable to a reasonable person. The likelihood is high that such protected personal information would be disseminated (beyond government/law enforcement use) without regard to the privacy and safety of the individuals at issue. Less invasive alternatives exist, such as providing data points that are devoid personal information, in order to balance the privacy and retaliation concerns with the legitimate concerns to the public for information related to voter registration. For the above stated reasons and authority, as well as other applicable law, the records and information represented in **Exhibit B-2** should be excepted from disclosure in their entirety or at least in part.

Also with respect to **Exhibit B-2**, the informer's privilege, incorporated into the Act by section 552.101, which has long been recognized by Texas courts, applies to instances where someone, other than the voter, has communicated with the Harris County Voter Registrar alleging ineligibility due to non-citizenship. *See,* e.g., Tex. Att'y Gen. ORD-01253 (2006); *Aguilar v. State,* 444 S.W.2d 935, 937 (Tex. Crim. App. 1969); *Hawthorne v. State,* 10 S.W.2d 724, 725 (Tex. Crim. App. 1928). Informer's privilege protects from disclosure the identities of persons who report activities over which the governmental body has criminal or quasi-criminal law-enforcement authority, provided that the subject of the information does not already know the informers identity. *See,* e.g., Tex. Att'y Gen. ORD-01253 (2006); Tex. Att'y Gen. ORD-515 at 3 (1998), 208 at 1-2 (1978). The informer's privilege protects the identities of individuals who report violations of statutes to the police or similar law-enforcement agencies, as well as those who report violations of statutes with civil or criminal penalties to "administrative officials having a duty of inspection or of law enforcement within their particular spheres." *See,* e.g., Tex. Att'y Gen. ORD-03079 (2015); Tex. Att'y Gen. ORD-279 at 2 (1981) *citing* Wigmore, Evidence, § 2374, at 767 (McNaughton rev. ed. 1961). The report must be of a violation of a criminal or civil statute. *See,* e.g., Tex. Att'y Gen. ORD-6029 (2001); Tex. Att'y Gen. ORD-582 at 2 (1990), 515 at 4-5 (1988). The informer's privilege protects the content of the communication only to the extent that it

identifies the informant. *See*, e.g., Tex. Att'y Gen. ORD- 01253 (2006); *See*, e.g., Tex. Att'y Gen. ORD- 03079 (2015); *Roviaro v. United States*, 353 U.S. 53, 60 (1957).

To the extent that the informer's privilege applies to the representative sample of responsive information contained in **Exhibit B-2**, we seek to withhold the identity of the complainant on the basis of the informer's privilege. Therefore, Section 552.101 of the Act in conjunction with the common-law informer's privilege is applicable.

**Exhibit B-4**, contains a representative sample of information responsive to Item 4 and includes documents that fall under section 552.108, the "law enforcement exception." That exception provides in pertinent part as follows:

> (a) Information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime is excepted from the requirements of section 552.021 if:
> (1) release of the information would interfere with the detection, investigation, or prosecution of crime[.]

Tex. Gov't Code § 552.108.

The requested documents and information in **Exhibit B-4** relate directly to an open and ongoing criminal investigation and prosecution. The Texas Attorney General's Office has advised that release of the requested information would interfere with the pending investigation and with the detection, investigation, and prosecution of crime, as indicated in the attached affidavit, enclosed as **Exhibit C**. The affiant, Sgt. Johnny Hatcher, asserts the criminal investigation is considered open and ongoing at this time and opposes the disclosure of the requested documents. The Attorney General has consistently ruled that this exception to the Act is designed to protect law enforcement interests during the investigation and prosecution of criminal acts. Thus, section 552.108 (a)(1) is applicable, and the documents contained in **Exhibit B-4** should be withheld.

The information responsive to Item 4 also contains information that was derived from information received by the Voter Registrar's office under Section 62.113 of the Texas Government Code. We respectfully rely on the previously referenced application of Section 552.101 with 62.113, which statutorily prohibits the Voter Registrar from producing or creating information to respond to the request. To the extent that information contained in Exhibit B-4 was derived from the list obtained under Section 62.113, we believe the Voter Registrar is prohibited from creating or releasing the information contained in **Exhibit B-4**.

For the above stated reasons and authority, as well as other applicable law, the records and information in **Exhibit B-4** should be excepted from disclosure in their entirety or at least in part.

Finally, section 552.101 of the Government Code excepts from disclosure "Information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Gov't Code § 552.101. Section 552.101 encompasses the doctrine of common-law privacy. *Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976). Under the common-law right of privacy, an individual has a right to be free from publicizing of private affairs in which the public has no legitimate concern. *Id.* at 682. In considering whether an individual's date of birth is

17PIA0762

EXHIBIT E

private, the Third Court of Appeals looked to the supreme court's rationale in *Texas Comptroller of Public Accounts v. Attorney General of Texas*, 354 S.W.3d 336 (Tex. 2010). *Paxton v. City of Dallas*, No. 03-13-00546-CV, 2015 WL 3394061, at 3 (Tex. App.—Austin May 22, 2015, pet. Denied) (mem. op.). The supreme court concluded public employees' dates of birth are private under section 552.102 of the Government Code because the employees' privacy interest substantially outweighed the negligible public interest in disclosure. *Texas Comptroller*, 354 S.W.3d at 347-48. Based on *Texas Comptroller*, the court of appeals concluded the privacy rights of public employees apply equally to the public, and thus, public individual's dates of birth are also protected by common- law privacy pursuant to section 552.101. *City of Dallas*, 2015 WL 3394061 at 3. Thus the Voter Registrar's office should be allowed to withhold all dates of birth under section 552.101 of the Government Code in conjunction with common-law privacy.

Finally, your office has issued a prior ruling regarding substantially similar information. *See* OR2013-00351, **Exhibit D**. In that ruling, your office concluded that the information at issue is made confidential by section 62.113 of the Texas Government Code and must be withheld under section 552.101 of the Act.

For the above stated reasons and authority, as well as other applicable law, the information in Exhibits B-1 through B-4 should be excepted from disclosure in its entirety or at least in part.

17PIA0762

**EXHIBIT E**