

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 15, 2018

Ms. Kristen Lee
Assistant County Attorney
County of Harris
1019 Congress, 15th Floor
Houston, Texas 77002

OR2018-06015

Dear Ms. Lee:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 699618 (C.A. File No. 17PIA0762).

The Harris County Voter Registrar (the "voter registrar's office") received a request for (1) all information pertaining to registrants who were identified as potentially not satisfying the citizenship requirements from any official information source since January 1, 2006, (2) all information pertaining to requests for registration cancellations for any reason related to non-citizenship or ineligibility since January 1, 2006, (3) all information pertaining to individuals claiming to be non-citizens when attempting to avoid jury duty since January 1, 2006, and (4) all communications regarding list maintenance activities relating to the aforementioned categories of information to various state and federal law enforcement agencies.[1] You claim the submitted information is excepted from disclosure under sections 552.101 and 552.108 of the Government Code. We have considered the submitted arguments and reviewed the

---

[1] We note the voter registrar's office sought and received clarification of the information requested. *See* Gov't Code § 552.222 (providing if information requested is unclear to governmental body or if large amount of information has been requested, governmental body may ask requestor to clarify or narrow request, but may not inquire into purpose for which information will be used); *see also City of Dallas v. Abbott*, 304 S.W.3d 380, 387 (Tex. 2010) (holding that when a governmental entity, acting in good faith, requests clarification or narrowing of an unclear or overbroad request for information, the ten-day period to request an attorney general ruling is measured from the date the request is clarified or narrowed).

**EXHIBIT G**

submitted representative sample of information.[2] We have also received and considered comments submitted by the requestor. *See* Gov't Code § 552.304 (providing that interested party may submit written comments regarding why information should or should not be released).

Section 552.108(a)(1) of the Government Code excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime . . . if: (1) release of the information would interfere with the detection, investigation, or prosecution of crime[.]" *Id.* § 552.108(a)(1). A governmental body claiming section 552.108(a)(1) must explain how and why the release of the requested information would interfere with law enforcement. *See id.* §§ 552.108(a)(1), .301(e)(1)(A); *see also Ex parte Pruitt*, 551 S.W.2d 706 (Tex. 1977). Section 552.108 may be invoked by the proper custodian of information relating to a pending investigation or prosecution of criminal conduct. *See* Open Records Decision No. 474 at 4-5 (1987). You state, and have provided an affidavit showing, the Office of the Attorney General's Special Investigations Unit, Criminal Investigations Division ("CID"), objects to release of the information submitted as Exhibit B-4 because it relates to an ongoing criminal investigation, and release of that information would interfere with the investigation and prosecution of the case. Based upon these representations, we conclude the release of Exhibit B-4 would interfere with the detection, investigation, or prosecution of crime. *See Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ. App.—Houston [14th Dist.] 1975) (court delineates law enforcement interests that are present in active cases), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex. 1976). Accordingly, we conclude section 552.108(a)(1) is applicable to the information you indicated, and the voter registrar's office may withhold Exhibit B-4 under section 552.108(a)(1) of the Government Code on behalf of CID.[3]

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Gov't Code § 552.101. You raise section 552.101 in conjunction with 62.113 of the Government Code and argue this statute prohibits the voter registrar's office from producing the requested information to respond to categories 1 and 3 of the present request for information. Section 62.113 provides as follows:

> (a) The [county clerk] shall maintain a list of the name and address of each person who is excused or disqualified under [subchapter B of chapter 62 of

---

[2] We assume the "representative sample" of records submitted to this office is truly representative of the requested records as a whole. *See* Open Records Decision Nos. 499 (1988), 497 (1988). This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent that those records contain substantially different types of information than that submitted to this office.

[3] As our ruling is dispositive, we need not address your remaining arguments against disclosure of this information.

**EXHIBIT G**

the Government Code] from jury service because the person is not a citizen of the United States.

(b) On the third business day of each month, the clerk shall send a copy of the list of persons excused or disqualified because of citizenship in the previous month to:

    (1) the voter registrar of the county;

    (2) the secretary of state; and

    (3) the county or district attorney, as applicable, for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law.[4]

(c) A list compiled under this section may not be used for a purpose other than a purpose described by Subsection (b) or Section 16.0332 or 18.068, Election Code.[5]

(d) A person commits an offense if the person violates Subsection (c). An offense under this section is a Class C misdemeanor.

Gov't Code § 62.113. Thus, information maintained by a county clerk pursuant to section 62.113(a) and obtained by the voter registrar's office pursuant to section 62.113(b)(1) may only be used as provided by section 62.113(c). *Id.* § 62.113(a)-(c). Any other use of such information is a criminal offense. *Id.* § 62.113(d).

Upon review, we agree the submitted information includes lists obtained by the voter registrar's office pursuant to section 62.113. Release of the lists in this instance would be "for a purpose other than a purpose described by Subsection (b) or Section 16.0332 or 18.068, Election Code." *See id.* § 62.113(c). Accordingly, we conclude the lists we have marked are confidential pursuant to section 62.113(c) of the Government Code and must be withheld under section 552.101 of the Government Code. However, we find none of the remaining information is confidential under section 62.113, and none of the remaining information may be withheld on this basis.

---

[4]Section 13.007 provides in part that "[a] person commits an offense if the person knowingly makes a false statement or requests, commands, or attempts to induce another person to make a false statementon a registration application." Elec. Code § 13.007(a).

[5]Sections 16.0332 and 18.068 of the Election Code pertain to the use of the list created under section 62.113 by a voter registrar and the secretary of state's office, respectively. *See* Elec. Code §§ 16.0332, 18.068.

**EXHIBIT G**

Section 552.101 of the Government Code also encompasses information made confidential by section 62.0132 of the Government Code. This provision authorizes the Office of Court Administration of the Texas Judicial System to create a standardized juror questionnaire form to be used in courts throughout the state. *See id.* § 62.0132(a). Section 62.0132(f) states information contained in a completed questionnaire is confidential and not subject to the Act. We note the remaining information contains completed juror questionnaires. Accordingly, the voter registrar's office must withhold the completed juror questionnaires, which we have marked, under section 552.101 of the Government Code in conjunction with section 62.0132(f) of the Government Code. However, we find none of the remaining information at issue is confidential under section 62.0132(f), and it may not be withheld under section 552.101 of the Government Code on this basis.

Section 552.101 of the Government Code also encompasses section 13.004 of the Election Code, which pertains to voter qualifications and registration. Section 13.004 of the Election Code provides, in relevant part, the following:

> (a) The registrar may not transcribe, copy, or otherwise record a telephone number furnished on a registration application.
>
> . . .
>
> (c) The following information furnished on a registration application is confidential and does not constitute public information for purposes of [the Act]:
>
>> (1) a social security number;
>>
>> (2) a Texas driver's license number;
>>
>> (3) a number of a personal identification card issued by the Department of Public Safety ["DPS"];
>>
>> (4) an indication that an applicant is interested in working as an election judge;
>>
>> (5) the residence address of the applicant, if the applicant is a federal judge or state judge, as defined by Section 13.0021, the spouse of a federal judge or state judge, or an individual to whom Section 552.1175, Government Code, applies and the applicant:
>>
>>> (A) included an affidavit with the registration application describing the applicant's status under this subdivision, including an affidavit under Section 13.0021 if the applicant

EXHIBIT G

is a federal judge or state judge or the spouse of a federal judge or state judge;

(B) provided the registrar with an affidavit describing the applicant's status under this subdivision, including an affidavit under Section 15.0215 if the applicant is a federal judge or state judge or the spouse of a federal judge or state judge; or

(C) provided the registrar with a completed form approved by the secretary of state for the purpose of notifying the registrar of the applicant's status under this subdivision.

(6) the residence address of the applicant, if the applicant, the applicant's child, or another person in the applicant's household is a victim of family violence as defined by Section 71.004, Family Code, who provided the registrar with:

(A) a copy of a protective order issued under Chapter 85, Family Code, or a magistrate's order for emergency protection issued under Article 17.292, Code of Criminal Procedure; or

(B) other independent documentary evidence necessary to show that the applicant, the applicant's child, or another person in the applicant's household is a victim of family violence;

(7) the residence address of the applicant, if the applicant, the applicant's child, or another person in the applicant's household is a victim of sexual assault or abuse, stalking, or trafficking of persons who provided the registrar with:

(A) a copy of a protective order issued under Chapter 7A or Article 6.09, Code of Criminal Procedure, or a magistrate's order for emergency protection issued under Article 17.292, Code of Criminal Procedure; or

(B) other independent documentary evidence necessary to show that the applicant, the applicant's child, or another person in the applicant's household is a victim of sexual assault or abuse, stalking, or trafficking of persons; or

(8) the residence address of the applicant, if the applicant:

> > (A) is a participant in the address confidentiality program administered by the attorney general under Subchapter C, Chapter 56, Code of Criminal Procedure; and
>
> > (B) provided the registrar with proof of certification under Article 56.84, Code of Criminal Procedure.

Elec. Code § 13.004(a), (c). Upon review, we find the remaining information includes voter registration applications. Accordingly, the voter registrar's office must withhold all voter social security numbers, Texas driver's license numbers, numbers of personal identification card issued by DPS, and any indications that an applicant is interested in working as an election judge that are furnished on the submitted voter registration applications under section 552.101 of the Government Code in conjunction with section 13.004 of the Election Code. Additionally, to the extent the addresses furnished on the submitted voter registration applications fall within the categories enumerated in subsections 13.004(c)(5) through 13.004(c)(8), the voter registrar's office also must withhold those addresses under section 552.101 of the Government Code in conjunction with section 13.004 of the Election Code.

Section 552.101 of the Government Code also encompasses the doctrine of common-law privacy, which protects information that is (1) highly intimate or embarrassing, the publication of which would be highly objectionable to a reasonable person, and (2) not of legitimate concern to the public. *Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976). To demonstrate the applicability of common-law privacy, both prongs of this test must be satisfied. *Id.* at 681-82. Types of information considered intimate and embarrassing by the Texas Supreme Court are delineated in *Industrial Foundation. Id.* at 683. The Third Court of Appeals has concluded public citizens' dates of birth are protected by common-law privacy pursuant to section 552.101. *See Paxton v. City of Dallas*, No. 03-13-00546-CV, 2015 WL 3394061, at *3 (Tex. App.—Austin May 22, 2015, pet. denied) (mem. op.). Upon review, we find portions of the submitted information satisfy the standard articulated by the Texas Supreme Court in *Industrial Foundation*. Accordingly, the voter registrar's office must withhold all public citizens' dates of birth under section 552.101 of the Government Code in conjunction with common-law privacy. However, we find you have not demonstrated any of the remaining information is highly intimate or embarrassing and not of legitimate public concern. Therefore, none of the remaining information may be withheld under section 552.101 of the Government Code in conjunction with common-law privacy.

Section 552.101 of the Government Code also encompasses the common-law informer's privilege, which Texas courts have long recognized. *See Aguilar v. State*, 444 S.W.2d 935, 937 (Tex. Crim. App. 1969). The informer's privilege protects from disclosure the identities of persons who report activities over which the governmental body has criminal or quasi-criminal law-enforcement authority, provided the subject of the information does not already know the informer's identity. *See* Open Records Decision No. 208 at 1-2 (1978).

The informer's privilege protects the identities of individuals who report violations of statutes to the police or similar law-enforcement agencies, as well as those who report violations of statutes with civil or criminal penalties to "administrative officials having a duty of inspection or of law enforcement within their particular spheres." Open Records Decision No. 279 at 1-2 (1981) (citing 8 John H. Wigmore, *Evidence in Trials at Common Law*, § 2374, at 767 (J. McNaughton Rev. Ed. 1961)). The report must be of a violation of a criminal or civil statute. *See* Open Records Decision Nos. 582 at 2 (1990), 515 at 4 (1988). However, witnesses who provide information in the course of an investigation but do not make a report of the violation are not informants for the purposes of claiming the informer's privilege. The privilege excepts the informer's statement only to the extent necessary to protect that informer's identity. Open Records Decision No. 549 at 5 (1990). You argue portions of the remaining information in Exhibit B-2 identify a witness who reported possible violations of law to the voter registrar's office. Upon review, we find you have failed to demonstrate any of the information at issue identifies an individual who made a report of a violation of any criminal or civil law for the purposes of the informer's privilege. Accordingly, the voter registrar's office may not withhold any of the remaining information under section 552.101 of the Government Code in conjunction with the common-law informer's privilege.

Section 552.130 of the Government Code excepts from disclosure information relating to a motor vehicle operator's or driver's license, motor vehicle title or registration, or personal identification document issued by an agency of this state or another state or country.[6] *See* Gov't Code § 552.130. Upon review, we find portions of the remaining information are subject to section 552.130. Accordingly, the voter registrar's office must withhold all driver's license information and the information we have indicated under section 552.130 of the Government Code.

In summary, the voter registrar's office may withhold Exhibit B-4 under section 552.108(a)(1) of the Government Code on behalf of CID. The voter registrar's office must withhold the lists we have marked under section 552.101 of the Government Code in conjunction with section 62.113(c) of the Government Code. The voter registrar's office must withhold the completed juror questionnaires, which we have marked, under section 552.101 of the Government Code in conjunction with section 62.0132(f) of the Government Code. The voter registrar's office must withhold all voter social security numbers, Texas driver's license numbers, numbers of personal identification card issued by DPS, and any indications that an applicant is interested in working as an election judge that are furnished on the submitted voter registration applications under section 552.101 of the Government Code in conjunction with section 13.004 of the Election Code. Additionally, to the extent the addresses furnished on the submitted voter registration applications fall within the categories enumerated in subsections 13.004(c)(5) through 13.004(c)(8) of the

---

[6]The Office of the Attorney General will raise a mandatory exception on behalf of a governmental body, but ordinarily will not raise other exceptions. *See* Open Records Decision Nos. 481 (1987), 480 (1987), 470 (1987).

**EXHIBIT G**

Election Code, the voter registrar's office also must withhold those addresses under section 552.101 of the Government Code in conjunction with section 13.004 of the Election Code. The voter registrar's office must withhold all public citizens' dates of birth under section 552.101 of the Government Code in conjunction with common-law privacy. The voter registrar's office must withhold all driver's license information and the information we indicated under section 552.130 of the Government Code. The voter registrar's office must release the remaining information.[7]

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.texasattorneygeneral.gov/open/orl_ruling_info.shtml, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act may be directed to the Office of the Attorney General, toll free, at (888) 672-6787.

Sincerely,

*[signature]*

James M. Graham
Attorney
Open Records Division

JMG/eb

Ref:   ID# 699618

Enc.   Submitted documents

c:     Requestor
       (w/o enclosures)

---

[7] The information being released may contain social security numbers. Section 552.147(b) of the Government Code authorizes a governmental body to redact a living person's social security number from public release without the necessity of requesting a decision from this office. *See* Gov't Code § 552.147(b).

**EXHIBIT G**