United States District Court
Southern District of Texas
**ENTERED**
February 06, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | § § § § |
| Plaintiff, | § § |
| V. | § CIVIL ACTION NO. H-18-0981 |
| | § § |
| ANN HARRIS BENNETT, in her capacity as Voter Registrar for Harris County, Texas, | § § § § |
| Defendant. | § |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the Magistrate Judge for all further pretrial proceedings is Defendant's Motion to Dismiss Plaintiff's First Amended Verified Complaint for Declaratory and Injunctive Relief (Document No. 23). Having considered that motion, the response in opposition, the Court's June 6, 2018, Order and Opinion, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss be DENIED.

I.  **Background**

This case is based on requests by Plaintiff, the Public Interest Legal Foundation ("PILF"), for voter records under the National Voter Registration Act of 1993 ("NVRA"). According to the allegations in Plaintiff's First Amended Verified Complaint for Declaratory and Injunctive Relief, Defendant has failed, and refused, to produce the following four categories of documents made the basis of a December 1, 2017, written request:

1. Documents regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any official information source, including information obtained from various agencies within the U.S. Department of Homeland Security, Texas Department of Public Safety, and from the Texas Secretary of State since January 1, 2006. This request extends to all documents that provide the name of the registrant, the voting history of such registrant, the nature and content of any notice sent to the registrant, including the date of the notice, the response (if any) of the registrant, and actions taken regarding the registrant's registration (if any) and the date of the action. This request extends to electronic records capable of compilation.

2. All documents and records of communication received by your office from registered voters, legal counsel, claimed relatives, or other agents since January 1, 2006 requesting a removal or cancellation from the voter roll for any reason related to non-U.S. citizenship/ineligibility. Please include any official records indicating maintenance actions undertaken thereafter.

3. All documents and records of communication received by your office from jury selection officials – state and federal – since January 1, 2006 referencing individuals who claimed to be non-U.S. citizens when attempting to avoid serving a duty call. This request seeks copies of the official referrals and documents indicating where you office matched a claim of noncitizenship to an existing registered voter and extends to the communications and maintenance actions taken as a result that were memorialized in any written form.

4. All communications regarding your list maintenance activities relating to #1 through 3 above to the District Attorney, Texas Attorney General, Texas State Troopers/DPS, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation.

PILF seeks a declaration that Defendant is in violation of section 8(i) of the NVRA (52 U.S.C. § 20507(i)), and an Order requiring Defendant to produce the requested documents for inspection and copying.

Defendant has filed a Motion to Dismiss, arguing that PILF lacks standing to pursue its declaratory and injunctive relief claim(s). Defendant additionally argues that PILF has not stated a plausible claim against Defendant under the NVRA. In an Order and Opinion entered on June 6,

2018, the Court determined, by reference to *American Civil Rights Union v. Martinez-Rivera*, 166 F.Supp,3d 779 (W.D. Tex. 2015), that PILF lacked standing to pursue its declaratory and injunctive relief claims under the NVRA because it had not "alleged facts sufficient to support an injury necessary for Article III standing" (Document No. 20 at 8), but allowed PILF to file an amended complaint. Defendant now argues that the Amended Complaint still fails to "allege facts sufficient to support an injury necessary for Article III standing," still does not allege facts that would support PILF's Article III standing" and that PILF has failed "to sufficiently allege how it has or could be injured under the facts set forth in its [Amended] Complaint." PILF responds that the "injury" it is alleging is an "informational injury" and that the "maintenance list" violations that were at issue in *Martinez-Rivera* are not the claims or violations at issue in this case.

II.     **NVRA**

The NVRA was enacted in 1993 upon the following expressly stated findings, and with the following expressly stated purposes:

> a) Findings
> The Congress finds that--
> (1) the right of citizens of the United States to vote is a fundamental right;
> (2) it is the duty of the Federal, State, and local governments to promote the exercise of that right; and
> (3) discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation by various groups, including racial minorities.
>
> (b) Purposes
> The purposes of this chapter are--
> (1) to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office;
> (2) to make it possible for Federal, State, and local governments to implement this

> chapter in a manner that enhances the participation of eligible citizens as voters in elections for Federal office;
> (3) to protect the integrity of the electoral process; and
> (4) to ensure that accurate and current voter registration rolls are maintained.

52 U.S.C.A. § 20501 (West). To further those purposes, § 20507 sets forth requirements for the administration of voter registration for elections for federal office. Subsection (b) addresses the requirement of confirming voter registration, and provides as follows:

> Any State program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office--
>
> (1) shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (42 U.S.C. 1973 et seq.); and
>
> (2) shall not result in the removal of the name of any person from the official list of voters registered to vote in an election for Federal office by reason of the person's failure to vote, except that nothing in this paragraph may be construed to prohibit a State from using the procedures described in subsections (c) and (d) to remove an individual from the official list of eligible voters if the individual--
>
> (A) has not either notified the applicable registrar (in person or in writing) or responded during the period described in subparagraph (B) to the notice sent by the applicable registrar; and then
>
> (B) has not voted or appeared to vote in 2 or more consecutive general elections for Federal office.

This provision has been, and will be, referred to herein as the NVRA's "list maintenance" provision.

Subsection (i) provides, as follows, for public disclosure of the list maintenance activities of the State:

> (1) Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

4

> (2) The records maintained pursuant to paragraph (1) shall include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made.

Subsection (i) has been, and will be, referred to herein as the NVRA's "public disclosure" provision.

PILF's Amended Complaint does not mention subsection (b), nor does it seek any relief pursuant to subsection (b). Instead, PILF's declaratory and injunctive relief claim(s) in this case are based entirely on subsection (i) – the public disclosure provision – and Defendant's alleged failure and refusal to comply therewith. In support of that declaratory and injunctive relief claim, PILF cites to the private right of action provided for in § 20510(b):

> (1) A person who is aggrieved by a violation of this chapter may provide written notice of the violation to the chief election official of the State involved.
>
> (2) If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation.
>
> (3) If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2).

### III. Discussion

#### A. Standing

Because this case deals with the public disclosure provisions of the NVRA, and nothing else, PILF's standing is based on whether it made a proper request for information. *See Bellitto v. Snipes*, 268 F.Supp.3d 1328, 1333- 335 (S.D. Fla. 2017) (discussing standing under § 20507(i) in terms of whether the plaintiff organization had met the notice requirements of § 20510(b)(2)); *Project*

*Vote/Voting for America, Inc. v. Long*, 752 F.Supp.2d 697, 703-04 (E.D. Va. 2010) (holding, in a case brought under the public disclosure provisions of the NVRA, that "the plaintiff's alleged informational injury is sufficient to survive a motion to dismiss for lack of standing"); *see also e.g., Public Citizen v. Department of Justice*, 491 U.S. 440, 449 (1989) ("as when an agency denies requests for information under the Freedom of Information Act, refusal to permit appellants to scrutinize the ABA Committee's activities to the extent FACA allows constitutes a sufficiently distinct injury to provide standing to sue. Our decisions interpreting the Freedom of Information Act have never suggested that those requesting information under it need show more than that they sought and were denied specific agency records."); *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998) ("his Court has previously held that a plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.").[1]

Here, PILF alleges that it requested the four categories of documents set forth above in a letter to Defendant dated December 1, 2017. *See* Plaintiff's First Amended Verified Complaint (Document No. 21) at 5-6. PILF further alleges that Defendant effectively denied its "request for records under the NVRA" on January 4, 2018; that PILF sent Defendant written notice, on January 18, 2018, of the "violation of the NVRA for denying [PILF's] request to inspect voter registration list maintenance records;" and that Defendant has not responded to the violation letter and has not

---

[1] Had PILF included a claim for violations of the list maintenance provisions, § 20507(b), standing would have been determined based on whether PILF had alleged a concrete and particularized injury in the State and/or County. *See Martinez-Rivera*, 166 F.3d at 787-791. But, PILF's First Amended Verified Complaint makes it clear that it is not bringing a claim under the list maintenance provisions of § 20507(b), and the Court in *Martinez-Rivera* only considered whether there was standing under the list maintenance provisions of § 20507(b), the public disclosure claims under § 20507(i) having been already dismissed by the parties. *See Id.* at 785, n.2.

taken any remedial action and has continued to "deny [PILF] its federal right to inspect records under the NVRA." *Id.* at 8, 9, 10. These allegations are sufficient to establish an informational injury, upon which PILF has standing in this case. *See e.g., Project Vote*, 752 F.Supp.2d at 703-04. Defendant's Motion to Dismiss for Lack of Standing should therefore be DENIED.

### B. Plausibility

As set forth above, PILF's claim in this case is based on the public disclosure provisions of § 20507(i). Plaintiff has alleged that its requests for documents fall within the scope of documents and information described in § 20507(i), and that Defendant is refusing to make that information available for inspection and copying. PILF has alleged a plausible claim under the public disclosure provisions of § 20507(i). *See e.g. Judicial Watch, Inc. v. Lamone*, Civil Action No. ELH-17-2006, 2018 WL 2564720 (D. Md. June 4, 2018) (discussing plausibility of NVRA claim); *see also Project Vote*, 752 F.Supp.2d at 702 ("For a plaintiff to sufficiently allege an informational injury, it must first allege that the statute confers upon it an individual right to information, and then that the defendant caused a concrete injury to the plaintiff in violation of that right."). While it may be that the four categories of documents sought by PILF go beyond what is provided for in § 20507(i), Defendant has not made that plausibility argument. As such, and because the documents requested by PILF have some relation to the public disclosure provisions of § 20507(i) for "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," PILF's declaratory and injunctive relief claim is not implausible on its face. Defendant's Motion to Dismiss for Failure to State a Claim should, therefore, also be DENIED.

7

## IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that PILF has only alleged a claim under § 20507(i) and has, related thereto, alleged an informational injury upon which to base its standing, the Magistrate Judge

RECOMMENDS that Defendant's Motion to Dismiss Plaintiff's First Amended Verified Complaint for Declaratory and Injunctive Relief (Document No. 23) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 6th day of February, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE