IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION | § § § | |
| PLAINTIFF | § § | CIVIL ACTION NO. 4:18-CV-00981 |
| V. | § § | |
| ANN HARRIS BENNETT, IN HER OFFICIAL CAPACITY AS VOTER REGISTRAR FOR HARRIS COUNTY | § § § | |
| DEFENDANT | | |

**DEFENDANT VOTER REGISTRAR ANN HARRIS BENNETT'S
REPLY IN SUPPORT OF
MOTION TO STAY OR ABSTAIN**

Respectfully submitted,

*/s/  J. Allen Douglas*

OF COUNSEL:

**J. ALLEN DOUGLAS**
Assistant County Attorney
Federal ID No. 2536535
Texas Bar No. 24105115
Ohio Bar No. 0080533
HARRIS COUNTY ATTORNEY'S OFFICE
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5383
Facsimile:  (713) 755-8924
Email:  Allen.Douglas@cao.hctx.net

VINCE RYAN
HARRIS COUNTY ATTORNEY

*/s/   Amy Magness VanHoose*
**AMY MAGNESS VANHOOSE**
Assistant County Attorney
Texas Bar No. 24042085
Southern District of Texas No. 560463
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5136
Fax: (713) 755-8823
Email: Amy.VanHoose@cao.hctx.net
ATTORNEYS FOR DEFENDANT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES, Ann Harris Bennett, in her capacity as Harris County Tax Assessor-Collector and Voter Registrar, and files her Reply in Support of Motion to Abstain, respectfully showing the Court as follows:

**I. REPLY**

**1. PILF's compliance claim is legally indefensible.** PILF has been repeatedly provided due notice of VR Bennett's position in previous filings. As PILF points out in its response, this litigation began over sixteen months ago. PILF's original complaint was filed on April 2, 2018. (Document 1). A mere twenty-eight days later VR Bennett made the argument that this case should be stayed for the first time, in VR Bennett's Motion to Dismiss Plaintiff's Verified Complaint. (Document 12 at 2). Since then, this issue has been argued in three motions and one order before the filing of VR Bennett's Motion to Stay. (Document 49).

After the initial argument for stay was made, VR Bennett made the identical argument in her next filing, VR Bennett's Response in Opposition to Plaintiff's Motion for Preliminary Injunction. (Document 13 at 2). PILF responded in opposition in its Reply Memorandum in Support of its Motion for Preliminary Injunction. (Document 15 at 1). Then, PILF devoted eight paragraphs rebutting VR Bennett's argument for stay in PILF's Response in Opposition to Defendant's Motion to Dismiss. (Document 16, subsection D.)

The Court then addressed this argument in its Order and Opinion dated June 6, 2018 – opining VR Bennett's request for stay of the proceedings was not presented in a separate motion and accordingly was not considered. (Document 20, Footnote 1). Now VR Bennett's Motion to Stay is properly before the Court, and clearly PILF has rejected and will continue to reject the

2

logic and law supporting it. PILF's complaint that VR Bennett has not conferred is nonsensical at best and legally indefensible at worst.

**2. Travis County's 459th District Court has jurisdiction.** Once again PILF makes the argument that no TPIA request was made and PILF is operating solely under the NVRA. This veiled attempt to circumvent Texas law fails and VR Bennett incorporates all previous arguments on file with this Court. VR Bennett's prior state filing, *in which PILF intervenes*, sits squarely at the juncture of PILF's request to the Texas Attorney General's TPIA Office, the Attorney General Decision on March 15, 2018, and the release of any records under PILF's NVRA claim. The relief sought by PILF and the potential consequences to VR Bennett are not merely a "theoretical dispute" as PILF alleges, but a *bona fide* question of law with dire consequences including criminal ramifications. As Texas law protects from public disclosure the type of information PILF seeks, Travis County and the 459th District Court have jurisdiction.

Moreover, even as VR Bennett files this Reply in Support of Motion to Stay or Abstain, the State of Texas has entered into a settlement agreement between the Texas League of United Latin American Citizens, the National League of United Latin American Citizens, MOVE Texas Civic Fund, JOLT Initiative, League of Women Voters of Texas, the Texas Secretary of State, the Texas Attorney General, the Texas Governor, the Texas Director of Elections and several individuals on this very issue of records pertaining to putative noncitizen voter registration.[1] These settlement agreements resolve multiple lawsuits over the production of the very

---

[1] *Texas League of United Latin American Citizens, et al. v. David Whitley, et al*. AND *Julie Garibay, et al., v. David Whitley, et al.,* AND *Move Texas Civic Fund, et al., v. David Whitley, et al*. Civil Action Nos. SA-19-CA-074-FB, SA-19-CA-159-FB, SA-19-CS-171-FB. Attached as Exhibit 1. The Court may take judicial notice of a public document not in existence prior to the Defendant's Motion to Stay or Abstain.

documents in dispute before the Court in the case at bar, including Department of Public Safety records and voter registration databases.

Clearly the requested public disclosure of the four broad categories of documents by PILF from VR Bennett are protected from disclosure by Texas law as reflected in the very terms of the settlement. As the use of such production is strictly limited by that same law, VR Bennett is entitled to guidance from the State of Texas before being exposed to possible criminal proceedings.

**3. VR Bennett's state court case compels abstention to prevent conflicting findings and possibly criminal offense.** The case at bar exemplifies the very crux of when abstention is necessary. From the birth of this litigation, VR Bennett has maintained that the release of records requested by PILF violates Texas state privacy and disclosure rules and regulations because the Texas Public Information Act, section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Read in conjunction with section 62.113 of the Texas Government Code, the voter registrar's office is prohibited from producing the requested information to respond to PILF's records request as, by state law, citizenship information maintained by a county clerk pursuant to section 62.113(a) and obtained by the voter registrar's office pursuant to section 62.113(b)(1) may only be used as provided by section 62.113(c). *Any other use of such information is a criminal offense*. Gov't Code § 62.113(d).

PILF's December 1, 2017 request for records that culminated in VR Bennett's parallel state case, and PILF's subsequent records request before this Court under the NVRA seeks information outside the ambit of use as provided in section 62.113(c), may subject VR Bennett to criminal liability, and remains the legal point in search of declaratory judgment relief in the

state case. Accordingly, abstaining from, staying the instant proceeding in this matter is compelled and permits the Parties to reach a point of clarification on the State requirements and liabilities surrounding PILF's December 1, 2017 records request.

There exist not only unresolved issues of state law which can and should be decided by the Texas courts, the federal constitutional questions underlying PILF's information request, precipitating VR Bennett's state action and framing the NVRA action before this Court, will assume a different posture through the resolution of the state law issues. In other words, VR Bennett's Motion to Stay should be granted to avoid conflicting and possibly criminal findings.

4. **Abstention Doctrines Apply to Compel the Court to Stay or Dismiss this Matter**

   **A. VR Bennett's State Court Case Compels Abstention under *Younger***

PILF takes the view that because the state court proceeding is not an enforcement proceeding against the Foundation, *Younger* does not apply. This argument is without merit for two reasons. First, it misconstrues the force of the *Younger* abstention doctrine applicable in this instance: preventing interference with state civil proceedings. According to Courts in the Fifth Circuit, abstention under *Younger* is appropriate when federal court jurisdiction would interfere with pending criminal, civil, or administrative state proceedings. *La. Debating & Literary Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489 (5th Cir.1995); *Word of Faith World Outreach Center Church, Inc. v. Morales,* 986 F.2d 962, 966 (5th Cir.1993), *cert. denied,* 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993). Under *Younger*, a federal district court generally may not consider requests for injunctive or declaratory relief based on constitutional challenges to on-going state court proceedings. See, e.g., *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 518 (5th Cir.2004).

Second, whether the Foundation is a party in PILF's efforts to interfere with the state proceedings is not a consideration under *Younger*. The *Younger* doctrine applies to this case even

though the Foundation is not a party to the state case. *See Nobby Lobby, Inc. v. City of Dallas*, 767 F. Supp. 801, 805–06 (N.D. Tex. 1991), *aff'd,* 970 F.2d 82 (5th Cir. 1992) (applying *Younger* doctrine in a federal complaint seeking injunctive relief for the return of property to entities against which no state proceedings were pending). In *Nobby*, the District Court relied upon the decision in *Hicks v. Miranda,* 422 U.S. 332, 348-49, 95 S.Ct. 2281, 2291 45 L.Ed.2d 223 (1975), in which the Supreme Court found uncharged appellees seeking injunctive relief in federal court for the return of their property in state proceedings could not avoid the requirements of *Younger* "on the ground that no criminal prosecution was pending against appellees." The Court made clear that the *Younger* doctrine permitting state courts to be allowed to try state cases without federal court interference applies even "where the interference is sought by some, such as appellees, not parties to the state case." *Id. Younger,* of course applies similarly in the context of criminal, civil, and administrative proceedings. *See Huffman v. Pursue, Ltd*., 420 U.S. 592, 604-05 (1975) (civil enforcement proceedings); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 424 (1982) (Younger applies to state administrative proceedings); *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 11 (1987) (Younger applies to state civil proceedings involving private parties where an important state interest is at stake).

As such, PILF's responsive assertion that Younger does not apply because no ongoing state proceeding existed not only misreads the factual record, but entirely misconstrues the reach of the Younger abstention doctrine. There was, without a doubt, a state administrative proceeding involving PILF's record's request, Texas State public information law, the Texas State Attorney General's interpretation of that law, and VR Bennett's judicial proceeding for clarification. This is sufficient. *See Middlesex*, 457 U.S. at 437 (Younger abstention warranted where there were pending administrative proceedings); Ohio *Civil Rights Comm'n v. Dayton*

6

*Christian Sch., Inc.*, 477 U.S. 619, 627-28 (1986); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163-65 (10th Cir. 1999). Moreover, the Court long ago rejected a strict rule that Younger abstention will be warranted only if state proceedings are commenced prior to the federal lawsuit. *See Hicks*, 422 U.S. at 349 (1975); *see also Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998) (discussing and applying Hicks). Under the Court's current application of the doctrine, abstention is warranted no matter which proceeding was filed first if the state matter was commenced, as it was in the case *sub judice*, prior to any hearings of substance on the merits in federal court. *See Majors*, 149 F.3d at 713. The *Hicks* rule means that a state can block previously-filed federal litigation by commencing an action before any proceedings on the merits in the federal case. As such is the case here, the Younger abstention doctrine applies to compel the stay or dismissal of PILF's instant suit in this Court.

Finally, it bears noting that PILF's own argument against the application of the Younger abstention doctrine is so completely without foundation that PILF's own cited case law does not support its' contention, differentiating only as to the *date* of filing, not the minute and hour. *Rickhoff v. Willing*, 457 F.App'x 355, 359 (5th Cir. 2012).

### B. The *Pullman* Abstention Doctrine Applies to Compel a Stay or Abstention

As with its mistaken argument against the application of the Younger doctrine, PILF again makes the baseless assertion that it is the *Foundation* that must be challenging a state law for abstention to be compelled, ignoring the two prerequisites for *Pullman* abstention: (1) there must be an unsettled issue of state law; and (2) there must be a possibility that the state law determination will moot or present in a different posture the federal constitutional questions raised. In the instant case, VR Bennett's Texas state law action meets both of these requirements.

7

Ripe within VR Bennett's Texas state complaint, as well as in the challenge to the filings before this Court, are numerous questions of unsettled state law that require legal clarity. The validity of state privacy and public information regulations under the TPIA, the legality of providing information to the public outside of the regulated use designated by the TPIA, whether release of such information imposes criminal liability upon the agency under the TPIA, and the degree to which the imposition of state public information rules complement the general mandate for the release of documents under the NVRA, are all unsettled issues which can and should be resolved in Texas state court.

Clearly, a state court finding on the state privacy and disclosure regulations and common law privacy concerns guiding document requests will entirely alter PILF's claim to full disclosure under federal law. If the Texas courts were to agree with VR Bennett that application of the TPIA constrains the production of particular voting lists to a specific use, the posture of PILF's claim would be transformed. *See Railroad Commission of Texas v. Pullman Co*., 312 U.S. at 501, 61 S.Ct. at 645. Such a determination would "at least materially change the nature of the problem." *Harrison v. N.A.A.C.P*., 360 U.S. 167, 177, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959). As such, the application of the Pullman abstention doctrine compels an abstention in the instant matter pending determination by the state court.

**C. Application of *Burford* Compels an Abstention or Stay of the Federal Matter**. PILF again argues against abstention from the sole viewpoint of the Foundation's interest, not the person it brought suit against or any other interest. In this matter, PILF is asking this Court to issue an order for records production under the NVRA that would, on its face, violate the state-law provisions that regulate the form and confidentiality of the requested records. As such, *Burford* abstention applies, in this instance, to compel the abstention or dismissal of this matter in favor of

the resolution of PILF's request in the Texas state court proceeding seeking declaratory judgment on state confidentiality rules and disclosure provisions.

**D.** *Colorado River* **Compels Abstention of the Federal Case**. The state and federal court proceedings at issue are parallel as "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Caminiti*, 962 F.2d at 700, quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988). It is that simple. PILF's argument that the Texas Attorney General is also sued and therefore the parties are not substantially the same is meritless, not supported by the law and unpersuasive. Abstention is proper under *Colorado River*.

## PRAYER

Abstaining from, staying or dismissing the instant proceeding in this matter is compelled. Such action in this Court permits the Parties to reach a point of clarification on the State requirements and liabilities surrounding PILF's December 1, 2017 records request. Defendant Voter Registrar Bennett respectfully prays that this Court grant her motion to stay or abstain, dismiss or stay all claims against her in the instant matter, pending the outcome of the state proceeding, and award such other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

*/s/ J. Allen Douglas*

OF COUNSEL:

**J. ALLEN DOUGLAS**
Assistant County
Attorney Federal ID
No. 2536535

VINCE RYAN
HARRIS COUNTY ATTORNEY

Texas Bar No. 24105115
Ohio Bar No. 0080533

HARRIS COUNTY ATTORNEY'S OFFICE
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5383
Facsimile: (713) 755-8924
Email: Allen.Douglas@cao.hctx.net

**AMY MAGNESS VANHOOSE**
Assistant County Attorney
Texas Bar No. 24042085
Southern District of Texas No. 560463
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5136
Fax: (713) 755-8823
Email: Amy.VanHoose@cao.hctx.net
ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on May 3, 2019, in compliance with the Federal Rules of Civil Procedure on all parties of record:


Joseph A. Vanderhulst
Email: jvanderhulst@publicinterestlegal.org
Noel H. Johnson
Email: njohnson@publicintereslegal.org
Public Interest Legal Foundation
32 E. Washington Street, Ste. 1675
Indianapolis, IN 46204
Phone: (317) 203-5599
**Attorneys for Plaintiff**

Andy Taylor
Attorney at Law
2668 Hwy. 36 South, #288
Brenham, Texas 77833
Phone: (713) 222-1817
Fax: (713) 222-1855
Email: ataylor@andytaylorlaw.com
**Attorney for Plaintiff**

*/s/   Amy Magness VanHoose*
**AMY MAGNESS VANHOOSE**
Assistant County Attorney

11