IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-18-0981 |
| ANN HARRIS BENNETT, in her capacity as Voter Registrar for Harris County, Texas, | § § § § | |
| Defendant. | § § | |

## **MEMORANDUM AND ORDER**

Pending in this case that has been referred to the Magistrate Judge for all further pretrial proceedings is Plaintiff's First Motion for Summary Judgment (Document No. 34) and Defendant's Motion to Stay or Abstain (Document No. 49). Having considered those motions, the public records claim Plaintiff has asserted under the National Voter Registration Act, Defendant's reliance, in part, on certain provisions of the Texas Government Code which Defendant maintains disallows disclosure of some of the information sought by Plaintiff in its public records request, and the pendency of a parallel state court proceeding in which Defendant seeks a determination from a Texas court about the effect of section 552.101 of the Texas Government Code on Defendant's ability to provide the type of information sought by Plaintiff, the Magistrate Judge ORDERS, for the reasons set forth below, that Defendant's Motion to Stay or Abstain (Document No. 49) is GRANTED, and consideration of Plaintiff's Motion for Summary Judgment is ABATED for a period of six months, to allow Defendant to prosecute and obtain a ruling on the declaratory judgment claim she filed in state court in March 2018.

This case is based on requests by Plaintiff, the Public Interest Legal Foundation ("PILF"), for voter records under the National Voter Registration Act of 1993 ("NVRA"). According to the allegations in Plaintiff's First Amended Verified Complaint for Declaratory and Injunctive Relief, Defendant has failed, and refused, to produce the following four categories of documents made the basis of a December 1, 2017, written request:

1. Documents regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any official information source, including information obtained from various agencies within the U.S. Department of Homeland Security, Texas Department of Public Safety, and from the Texas Secretary of State since January 1, 2006. This request extends to all documents that provide the name of the registrant, the voting history of such registrant, the nature and content of any notice sent to the registrant, including the date of the notice, the response (if any) of the registrant, and actions taken regarding the registrant's registration (if any) and the date of the action. This request extends to electronic records capable of compilation.

2. All documents and records of communication received by your office from registered voters, legal counsel, claimed relatives, or other agents since January 1, 2006 requesting a removal or cancellation from the voter roll for any reason related to non-U.S. citizenship/ineligibility. Please include any official records indicating maintenance actions undertaken thereafter.

3. All documents and records of communication received by your office from jury selection officials – state and federal – since January 1, 2006 referencing individuals who claimed to be non-U.S. citizens when attempting to avoid serving a duty call. This request seeks copies of the official referrals and documents indicating where you office matched a claim of noncitizenship to an existing registered voter and extends to the communications and maintenance actions taken as a result that were memorialized in any written form.

4. All communications regarding your list maintenance activities relating to #1 through 3 above to the District Attorney, Texas Attorney General, Texas State Troopers/DPS, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation.

PILF seeks a declaration that Defendant is in violation of section 8(i) of the NVRA (52 U.S.C. §

2

20507(i)), and an Order requiring Defendant to produce the requested documents for inspection and copying. Defendant, having initially been unsuccessful in its attempt to have the case dismissed on standing grounds, argues that this case should be stayed pending the resolution of the case she filed in Travis County, Texas, *Ann Harris Bennett v. Honorable Ken Paxton*, cause no. D-1-GN-18-001583 (459th District Court, Travis County, Texas). According to Defendant, that state court proceeding, in which Plaintiff PILF has intervened, should determine, as a matter of state law, the nature and type of information she can legally provide to Plaintiff attendant to Plaintiff's public records request in this case. Defendant relies on four federal abstention doctrines: *Younger*, *Pullman*, *Burford*, and *Colorado River*. Plaintiff PILF is opposed to a stay on any abstention grounds, arguing that Defendant waited too long to seek a stay in favor of the state court proceedings, and that the parallel state court proceeding relied upon by Defendant was based on a Texas Public Information Act request – not a request, as is at issue in this case, under the NVRA.

While Defendant relies on four abstention doctrines, *Younger* is the most clearly applicable. In *Younger v. Harris*, the Supreme Court held that injunctive and declaratory relief is generally improper "when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated." *Younger v. Harris*, 401 U.S. 37, 41 & n. 2 (1971). Since then, *Younger* abstention has been applied when three conditions are met: (1) there is an "ongoing state judicial proceeding" that (2) implicates important state interests; and (3) there is an "adequate opportunity in the state proceeding to raise constitutional challenges." *Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996). There is no requirement that the parallel state proceeding relied upon for abstention purposes be filed first, nor is there a requirement that the parties to the two proceedings be the same or participate in the two proceedings in the same posture. *Hicks v.*

3

*Miranda*, 422 U.S. 332, 349 (1975).

Here, the record shows that Defendant did not wait "too long" to seek a stay on abstention grounds. Defendant has, since this case's inception, pointed to and relied upon the case she filed in Travis County as a basis for delaying consideration of Plaintiff PILF's claims in this case. In addition, as argued by Defendant, issues of state law that purportedly limit the type of information Defendant can release to PILF are pending in that state court proceeding. While PILF maintains that Defendant has done little to advance that case, PILF does not dispute, nor could it, that sections 552.101 and 62.113 of the Texas Government Code arguably place constraints upon Defendant and the type of information she can provide to PILF. The fact the PILF has intervened in that state court case is also telling, for whether that state court case was filed to determine Defendant's rights and obligations under the Texas Public Information Act, as opposed to the NVRA, PILF knows that a judicial determination in that case will have implications for its pending record requests under the NVRA in this case.

The record fully shows that the three requirements for *Younger* abstention exist. First, there is a pending state judicial proceeding that was filed by Defendant in Travis County on the same day this case was filed. Other than a determination in this case that Plaintiff has standing to assert the claim(s) set forth in Plaintiff's First Amended Verified Complaint, no action has been taken in this case – much less any proceeding of "substance on the merits." *Hicks*, 422 U.S. at 349. Second, important state interests are implicated in the state court proceeding, including the reach and viability of Texas statutes designed to protect private and confidential information, including that contained in juror and voter information records. Third, because PILF has intervened in the state court proceeding, both PILF and Defendant can raise and litigate any relevant constitutional issues in that

state court proceeding. Among those constitutional challenges is likely the validity and constitutional reach of the proscriptions on the release of certain juror and voter information under sections 552.101 and 62.113 of the Texas Government Code.

As the three requirements for *Younger* abstention exist on this record, Defendant's Motion to Stay or Abstain (Document No. 49) should, and will be, granted at this time. The only caveat to that determination is a recognition that the state court proceeding could, without sufficient motivation on Defendant's part, languish for some time, and thereby thwart PILF's efforts to obtain records subject to disclosure under the NVRA. To prevent this, the abstention requested by Defendant will be limited to a six month period of time, and will be extended only upon a showing of extraordinary cause. That six month period of time should allow Defendant to diligently prosecute and seek a ruling in the state court proceeding such that this case can proceed in a timely manner thereafter. Given this determination, the oral argument on the pending motions, scheduled for August 21, 2019, is canceled.

Signed at Houston, Texas, this 13th day of August, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE